## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

JACQUELYN MCHUGH,

      **Plaintiff,**

vs.                                 **Case No. 4:07cv182-RH/WCS**

**FLORIDA STATE UNIVERSITY,**

      **Defendant.**

_____/

## SUPPLEMENTAL REPORT AND RECOMMENDATION

On April 18, 2007, the *pro se* Plaintiff filed a complaint under 28 U.S.C. § 1331, alleging a violation of Title IX and a supplemental state law claim.  Doc. 1.  A service order was entered on May 4th, directing Plaintiff to serve the complaint on the Defendant within 120 days and informing Plaintiff of the requirements of service under Fed. R. Civ. P. 4.  Doc. 5.  When nothing had been filed by August 23rd, a supplemental Order was entered directing Plaintiff to either immediately serve the complaint, hire a process server to do so, or demonstrate that service has already been carried out.  Doc. 6.  That order was subsequently returned to the Court as undeliverable.  Doc. 7.  The "return to sender" label from the Postal Service states: "moved left no address."  Doc. 7.

Noting that since this case was initiated in April, Plaintiff had not filed anything further nor had she provided a notice of change of address, a report and recommendation was entered on September 6, 2007, recommending dismissal for failure to prosecute.  Doc. 8.  Several days later, on September 10th, the report and recommendation was returned to the Court as undeliverable.  Doc. 9.  The next day after that mail return, a motion to dismiss was filed by the Defendant.  Doc. 10.  Until the motion was filed, there was nothing on the docket to indicate that service of process had been carried out.

At this point, it is unclear that the report and recommendation is correct because it is evident that service of process was carried out.  Nevertheless, if Plaintiff is not actively litigating her case and has abandoned this litigation, then the report and recommendation should remain on the docket as at least *partially* correct to the extent that Plaintiff has failed to prosecute her case.

This supplemental report and recommendation is entered to clarify the correct basis for dismissal of this action.  This action should be dismissed because Plaintiff has not kept the Court advised of her whereabouts.  Plaintiff's current address is unknown and several court documents have been returned as undeliverable.  Nothing has been received from Plaintiff since April 18, 2007.  As five months have transpired with nothing having been received from Plaintiff, it must be presumed that Plaintiff has abandoned this litigation.

Defendant is hereby advised of the existence of the original report and recommendation, doc. 8, which was not provided to counsel as it was unknown that

service has been effected.  Defendant need not file any further in this case, but is permitted to respond to this supplemental report and recommendation as desired.

A trial court has inherent power to dismiss a case *sua sponte* for failure to prosecute.  Link v. Wabash R.R., 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991).  As Plaintiff has not demonstrated a desire to prosecute this case, and nothing has been received from her for approximately five months, this case should be dismissed.

It is therefore, respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice.

**IN CHAMBERS** at Tallahassee, Florida, on September 18, 2007.


 s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**